UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN GEOVANNE GOMEZ HIDALGO, A 246-741-479,<br>Petitioner,<br>v.<br>WARDEN OF CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-8495 TLN AC<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, an immigration detainee proceeding without counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons discussed below, the undersigned recommends that the petition be granted, petitioner be immediately released, and respondent be enjoined from re-detaining petitioner absent pre-deprivation procedures.

////

////

////

////

////

I. Factual Background[1]

Petitioner, Ivan Geovanne Gomez Hidalgo (A# 246-741-479), a noncitizen, entered the United States in or around April 2023 and was apprehended shortly thereafter. See ECF Nos. 1 at 8; 6 at 1; 6-1 at 2, 5. After a positive credible fear finding, the Department of Homeland Security ("DHS") issued petitioner a Notice to Appear and released him from custody. ECF Nos. 6 at 1; 6-1 at 2.

While released, petitioner filed an application for asylum and withholding of removal with United States Citizenship and Immigration Services ("USCIS"). ECF No. 6-1 at 2. During this time, petitioner developed familial ties and became the main income earner in his household. ECF No. 1 at 7. He also developed criminal history. ECF Nos. 6 at 2; 6-1 at 2-3, 18-20.

On September 26, 2026, petitioner was arrested by law enforcement. ECF Nos. 6 at 2; 6-1 at 3, 20. On September 28, 2026, DHS issued a warrant for petitioner's arrest and Immigration and Customs Enforcement ("ICE") took petitioner into custody. ECF No. 6-1 at 1-4. Petitioner was not afforded a pre- or post-deprivation hearing. ECF No. 1 at 7-8.

On November 20, 2026, petitioner was ordered removed.[2] An appeal of this decision is due by December 21, 2026.[3] Petitioner remains in custody at California City Immigration Processing Center.[4]

---

[1] Because respondent did not deny petitioner's factual allegations in response to the petition, the facts contained therein are deemed admitted and will be relied upon, unless the record reflects contrary facts. See ECF No. 8; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

[2] The court takes judicial notice of the information provided on the Executive Office of Immigration Review ("EOIR") website, operated by the Department of Justice, available at https://acis.eoir.justice.gov/en/ (last visited November 20, 2026), which provides information regarding EOIR court decisions. Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); cf. City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[3] See note 2.

[4] The court also takes judicial notice of the information on the ICE Inmate Locator website, operated by the DHS, available at https://locator.ice.gov/odls/#/search (last visited November 20, 2026), which indicates petitioner is currently detained at California City Immigration Processing

II. Procedural History

Petitioner filed a petition for writ of habeas corpus asserting his detention without a bond hearing violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause. ECF No. 1.

The court issued a minute order directing respondent to file a response and to substantively distinguish this case from a line of cases involving statutory claims under 8 U.S.C. § 1226(a), and due process claims by noncitizens apprehended by immigration authorities for the first time within the interior of the United States. ECF No. 4 (citing Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026); Ramirez Godinez v. Warden of California City Det. Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251 (E.D. Cal. Aug. 21, 2026), findings and recommendations adopted in 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026); Garcia Flores v. Warden, Mesa Verde Det. Facility, No. 1:26-cv-5387 DC AC, 2026 WL 2494915 (E.D. Cal. Aug. 25, 2026), findings and recommendations adopted in 2026 WL 2594117 (E.D. Cal. Sept. 2, 2026); Brayan C.C. v. Warden of California City Corr. Ctr., No. 2:26-cv-0641-TLN-JDP, 2026 WL 710358 (E.D. Cal. Mar. 13, 2026); Morales-Flores, v. Lyons, No. 1:25-cv-1640-TLN-EFB, 2025 WL 3552841 (E.D. Cal. Dec. 11, 2025)).

Respondents filed a response. ECF No. 6. Petitioner did not reply. The case is deemed submitted.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

---

Center. Fed. R. Evid. 201; cf. O'Neill, 386 F.3d at 1224 n.2.

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

Citing Padilla v. U.S. Immigration and Customs Enforcement, 192 F.4th 894 (9th Cir. Sept. 21, 2026), respondent argues that the petition should be denied because petitioner is an "arriving alien" whose detention is governed by 28 U.S.C. § 1225(b). ECF No. 6 at 1-2. Respondent, however, "also acknowledges that the courts in this district have tended to reject that application of the entry-fiction doctrine" and alternatively argues that

> to the extent the Court finds that Hidalgo's rights were violated because he was previously released, subsequently encountered by immigration authorities in the interior of the United States, and placed in removal proceedings and has applied for various forms of relief and immigration benefits, Respondent asserts that the petitioner's detention is governed by [28 U.S.C. § 1226(a)] and Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026)[,] [and] "the only remedy warranted here is a bond hearing."

Id. at 2.

A. *Padilla* Does Not Limit Petitioner's Due Process Rights

As an initial matter, respondent misreads Padilla. Padilla addressed the applicability of the "entry fiction" doctrine to noncitizens seeking *admission* into the United States and the scope of due process rights in the context of admission, not detention. Padilla, 192 F.4th at 907-918. The Ninth Circuit explained, "Where the entry fiction applies, '[noncitizens] seeking admission into the United States may *physically* be allowed within its borders pending a determination of admissibility, [but] such [noncitizens] are *legally* considered to be detained at the border and hence as never having effected entry into this country." Id. at 30-31 (citation omitted). "Because such individuals remain 'on the threshold of initial entry' despite their physical presence in the United States, their due process rights regarding admission are limited to '[w]hatever the procedure authorized by Congress is.'" Id., at 32 (internal citations omitted). The Ninth Circuit

distinguished admission from detention and concluded that the "entry fiction" doctrine does not strip noncitizens of their due process rights concerning detention. Id., at *19. Accordingly, respondent's reliance on Padilla is misplaced.

In cases like this, "[c]ourts following Padilla have consistently held that petitioners retain due process rights when re-detained, regardless of the entry fiction's effect on petitioner's admissibility." Julien v. Warden of Central Valley Annex Det. Facility, No. 1:26-cv-8253 KES HBK, 2026 WL 3537458, at *3 (E.D. Cal. Nov. 17, 2026) (emphasis added); Noelvys R.D., Petitioner, v. Warden, Central Valley Annex Det. Facility, Respondent., No. 1:26-cv-08234 MKD, 2026 WL 3269934, at *1 (E.D. Cal. Oct. 30, 2026) (explaining that Padilla is irrelevant because "Petitioner challenges his continued *detention* following years of government-authorized release into the community," not his "admissibility"); Singh v. Warden Northwest Ice Processing Ctr., No. 2:26-cv-3580 LK, 2026 WL 3093672, at *3 (W.D. Wash. Oct. 16, 2026) ("But the Supreme Court has never applied the entry fiction doctrine to a case like this—to constitutionally justify the detention of a person living freely, for years, within the United States—and its expansion here cannot be justified." (quoting Rincon v. Hyde, No. CV 25-12633 BEM, 2025 WL 3122784, at *2 (D. Mass. Nov. 7, 2025)); Cuenca-Pucha v. Andrews, No. 1:26-cv-08113-DC-JDP, 2026 WL 3059492, at *1 (E.D. Cal. Oct. 13, 2026) ("[C]ontrary to Respondents' expansive interpretation of Padilla, that decision limited Petitioner's due process rights relating to his admissibility to those prescribed by statute; it had no impact on his due process rights relating to his detention. Because Petitioner challenges the lawfulness of his present detention, not his admissibility, Padilla does not affect this court's analysis regarding the due process protections necessary to [re-]detain Petitioner."); Bravo Morillo v. Chestnut, No. 1:26-cv-8080 DC JDP, 2026 WL 3060542, at *1 (E.D. Cal. Oct. 13, 2026) (same); Medina-Ruiz v. Mullin, No. C26-3000 MLP, 2026 WL 3000919, at *2 (W.D. Wash. Oct. 6, 2026) (rejecting the applicability of the "entry fiction" doctrine to a petitioner who challenged his re-detention after having been released on parole); Kleber Vasquez v. Hernandez, et al., No. 2:26-cv-02873-TMC, 2026 WL 2936770, at *2 (W.D. Wash. Sept. 30, 2026) (explaining post-Padilla that "while [the petitioner's] legal status regarding admission reverted to that of an arriving noncitizen once her parole expired, the Due

Process clause continued to require constitutionally adequate procedures surrounding her [re-] detention" after the expiration of her § 1182(d)(5) parole). The undersigned adopts the reasoning in those cases and concludes the same.

B. Due Process Requires Pre-deprivation Notice and a Hearing

As a preliminary matter, in light of clarifying facts, it appears that the due process cases cited in the court's minute order are inapposite. As noted above, Ramirez Godinez, Garcia Flores, Brayan C.C., and Morales-Flores involved due process claims by noncitizens who encountered immigration officials for the first time within the interior of the United States. Here, prior to petitioner's detention within the interior of the United States, petitioner was released from immigration custody. This fact materially distinguishes the instant from those previously cited, and makes this case analogous to a separate line of cases which is discussed below.

In Wistong F., Z.Z. and Mohammad S.,[5] the court found that petitioner's prior release—on humanitarian parole, own recognizance, or conditional parole—created a liberty interest in his continued freedom from detention and that such liberty interest could only be deprived under the Fifth Amendment Due Process Clause *after* notice and a hearing before a neutral decisionmaker. Wistong F., 2026 WL 1361794, at *2-4 (release on humanitarian parole); Z.Z., 2026 WL 890476, at *3-4 (release on recognizance); Mohammad S., 2026 WL 480095, at *3-5 (release on conditional parole). In M.A. G.V.,[6] the court found that when "'the Government ha[s] made a decision not to detain' a noncitizen after the filing of an application for immigration benefits, 'this decision vest[s] the same liberty interest as a prior detention and release.'" M.A. G.V., 2026 WL 2516864, at *2 (quoting Gagik T. v. Chestnut, No. 1:26-cv-4337 MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026)). The court similarly found that, unless there was a valid reason why a pre-deprivation hearing could not be held—which respondents had not identified—due process required notice and a pre-deprivation hearing before an immigration judge. Id. at *3. In Wistong

[5] Wistong F. v. Immigration and Customs Enf't, No. 1:26-cv-3399 TLN DMC, 2026 U.S. Dist. LEXIS 108176, 2026 WL 1361794 (E.D. Cal. May 15, 2026); Z.Z. v. Chestnut, No. 1:26-cv-2309 TLN JDP, 2026 WL 890476 (E.D. Cal. Apr. 1, 2026); Mohammad S. v. Andrews, No. 1:26-cv-0590 TLN CSK, 2026 U.S. Dist. LEXIS 35450, 2026 WL 480095 (E.D. Cal. Feb. 20, 2026).

[6] M.A. G.V. v. Warden, Cal. City Det. Facility, No. 1:26-cv-6356 TLN SCR, 2026 U.S. Dist. LEXIS 192587, 2026 WL 2516864, at *2 (E.D. Cal. Aug. 26, 2026).

F., Z.Z., Mohammad S., and M.A. G.V., the court ordered petitioner's release from custody and issued an injunction against re-detention absent pre-deprivation procedures. Wistong F., 2026 WL 1361794, at *4; Z.Z., 2026 WL 890476, at *5; Mohammad S., 2026 WL 480095, at *1, 5; M.A. G.V., 2026 WL 2516864, at *3, findings and recommendations adopted in 2026 WL 2588384 (E.D. Cal. Aug. 31, 2026).

Considering the facts of this case, the undersigned adopts and incorporates by reference the reasoning in Wistong F., Z.Z., Mohammad S., and M.A. G.V. and finds that petitioner's re-detention without notice and a hearing before a neutral adjudicator to justify his re-detention violates due process. Here, petitioner was not only released like the noncitizens in Wistong F., Z.Z. and Mohammad S.; ICE also made a decision not to detain him after he filed his application for immigration benefits, as was the case in M.A. G.V. Under these facts, petitioner has a liberty interest in his continued freedom, which should not have been deprived, absent urgent circumstances, without notice and a pre-deprivation hearing before a neutral adjudicator. Because these procedures were not afforded, respondent violated petitioner's due process rights.

Moreover, to the extent respondent mentions petitioner's criminal history and pending charges to suggest a different outcome is warranted in this case, the court disagrees. When, as here, respondent does not argue that petitioner's criminal history or pending charges trigger mandatory detention or make petitioner a danger or flight risk, or that other urgent circumstances warranted immediate detention without pre-deprivation procedures, the appropriate remedy is release from detention and an injunction against re-detention absent pre-deprivation procedures. See Wistong F., 2026 WL 1361794, at *3; Salazar v. Andrews, No. 1:26-cv-6091, 2026 WL 3121542, at *3 (E.D. Cal. Oct. 19, 2026).

Accordingly, the petition should be granted on petitioner's due process claim and petitioner should be released from custody with an injunction against re-detention absent pre-deprivation procedures.

C. Petitioner's Statutory Claim

Because relief is appropriate on petitioner's due process claim, the undersigned does need not reach petitioner's statutory claim, other than to explain that although the undersigned agrees

petitioner's detention is governed by 8 U.S.C. § 1226(a), the undersigned disagrees that Rodriguez Vazquez dictates the remedy in this case. Rodriguez Vazquez did not involve a due process claim like the one presented above, which, as discussed above, requires more than a post-deprivation bond hearing. Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that "[noncitizens] present without admission who are apprehended in the interior of the United States are subject to detention regime of § 1226, not § 1225(b)(2)(A)" and therefore entitled to a bond hearing).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED on his Fifth Amendment procedural due process claim as follows:

   a. Respondents shall IMMEDIATELY RELEASE petitioner Ivan Geovanne Gomez Hidalgo, A 246-741-479, with the same conditions he was subject to immediately prior to his detention on September 28, 2026. At the time of release, respondent must return all of petitioner's documents and possessions.

   b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

   c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating, by clear and convincing evidence, that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

   d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

2. In the interest of judicial economy, all other claims be dismissed without prejudice.

3. Within three days from an order adopting these findings and recommendations,

respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his September 28, 2026, detention.

4. The Clerk of the Court be directed to enter judgment for petitioner, serve a copy of this Order on California City Immigration Processing Center, and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 24, 2026

Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE